**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phoenix Pumps, Inc., | No. CV 08-2106-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Moyno, Inc., an Ohio corporation; Robbins & Myers, Inc., an Ohio corporation; John Does I-X; Jane Does I-X; ABC Partnerships I-X; XYZ Corporations or other Entities I-X, | |
| Defendants. | |

Currently before the Court is Defendants Moyno. Inc. ("Moyno") and Robbins & Myers, Inc.'s ("Robbins") (collectively "Defendants") Motion for Reconsideration and to Alter or Amend Judgment (Dkt. #18). Pursuant to this Court's April 4, 2009 Order, Plaintiff Phoenix Pumps, Inc. ("Plaintiff") filed a Response (Dkt. #20), and Defendants filed a Reply (Dkt. #21). The Court will grant the Motion to Reconsider, but will deny all requested relief.

On March 11, 2009, the Court declined to exercise its discretionary jurisdiction under the Declaratory Judgment Act and remanded this action to state court (Dkt. #16). Defendants subsequently filed a timely Motion for Reconsideration arguing that the Court incorrectly found that Plaintiff's complaint sought only declaratory relief (Dkt. #18). Specifically, Defendants contend that Plaintiff is seeking damages for Defendants' alleged violation of A.R.S. §§ 44-6701, *et seq.*, which renders this Court's jurisdiction mandatory rather than

discretionary. *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (a federal court is duty-bound to exercise jurisdiction in a diversity action where a plaintiff's claims for declaratory relief are bundled with independent claims for relief). The Court disagrees.

In its Response, Plaintiff states:

> The current operative Complaint . . . does not include a separate claim seeking damages for violation of the Arizona Equipment Dealer Statute. . . . . Out of candor to the Court and defendants, however, [Plaintiff] notes that it *intends* to amend the Complaint to state a claim for damages under that statutory scheme once the current issues regarding subject matter jurisdiction are resolved.

(Response at 1) (emphasis added). Plaintiff specifically acknowledges that this action solely seeks declaratory relief. While Plaintiff expresses an intention to eventually amend its Complaint to seek damages, this Court can rule only on what is before it. Because Plaintiff's Complaint seeks only declaratory relief, the Court will not reverse or amend its March 11, 2009 Order. The Court will not exercise its discretionary jurisdiction to decide a state law issue of first impression.

**IT IS THEREFORE ORDERED** GRANTING Defendants' Motion for Reconsideration and to Alter or Amend Judgment (Dkt. #18) to the limited extent outlined herein, but DENYING all relief requested.

**IT IS FURTHER ORDERED** that the Court's Order of March 11, 2009 (Doc. # 16) remanding this case to state court stands as is.

DATED this 11th day of May, 2009.

James A. Teilborg
United States District Judge